## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| AUDRY MILLER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-2708-RWS |
| WELLS FARGO BANK, N.A., | : | |
| INC., JOHN G. ALDRIDGE, JR., | : | |
| individually, and ALDRIDGE | : | |
| CONNORS, LLP, | : | |
| | : | |
| Defendants. | : | |

## ORDER

This case is before the Court on Defendants John G. Aldridge, Jr. and

Aldridge Connors, LLP's ("AC Defendants") Motion to Dismiss [6], Defendant

Wells Fargo Bank's ("Wells Fargo") Motion to Dismiss [8], Plaintiff's Motion

for Continuance [14], and Plaintiff's Motion for Temporary Restraining Order

[17]. After reviewing the record, the Court enters the following Order.

As a preliminary matter, the Court considers Plaintiff's Motion for

Continuance. Plaintiff's motion appears to request an indefinite continuance

with regard to all matters in this case. (Dkt. [14].) Wells Fargo opposes

Plaintiff's motion as an attempt to further delay foreclosure proceedings.

AO 72A
(Rev.8/82)

(Wells Resp., Dkt. [15] at 1.)  Wells Fargo notes that Plaintiff waited nearly six months after filing this action to request a continuance, and she has not responded to Defendants' dispositive motions.  (Id. at 2.)  And although Plaintiff cites reasons for requesting a continuance, she provides no indication of when she may be prepared to proceed.  (Id.)  Wells Fargo argues that it should not be forced to continue, indefinitely, to incur attorney's fees and legal expenses in defense of this lawsuit, particularly when the dispositive motions before the Court may resolve the suit.  (Id. at 2-3.)

The Court agrees with Wells Fargo.  Plaintiff is not entitled to an indefinite continuance at Defendants' expense.  Therefore, Plaintiff's Motion for Continuance [14] is **DENIED** and the Court will take up the other motions before it.

### Background[1]

On July 30, 2008, Plaintiff executed an Adjustable Rate Note with Opteum Mortgage ("Opteum") for $241,570.  (Note, Dkt. [4] at 50 of 65.)  To

---

[1] Plaintiff provides a single paragraph of factual background in her Amended Complaint.  Where necessary for a more complete statement of the events giving rise to Plaintiff's claims, the Court includes facts from Defendants' briefs and from the Exhibits attached to the Amended Complaint.  Plaintiff does not appear to dispute these facts.

secure the loan, Plaintiff executed a Security Deed in favor of Mortgage

Electronic Registration Systems, Inc. ("MERS"), as grantee and nominee for

Opteum, on property located at 3661 Morinda Drive, Douglasville, Georgia

30135 ("Property").  (Security Deed, Dkt. [4] at 17 of 65.)  On October 28,

2011, MERS assigned all of its interests in the Security Deed to Wells Fargo.

(Assignment, Dkt. [4] at 61 of 65.)

At some point, Plaintiff fell behind in her mortgage payments and Wells

Fargo initiated non-judicial foreclosure proceedings on the Property.  (See

Notice of Pending Foreclosure Sale, June 18, 2012, Dkt. [4] at 46 of 65.)  Wells

Fargo retained Aldridge Connors, LLP to conduct the non-judicial foreclosure

sale.  (AC Def.s' MTD Br., Dkt. [6-1] at 3.)  The sale was scheduled for August

7, 2012, but due to Plaintiff's filing of this lawsuit, the sale was canceled.  (Id.)

Defendants represent that no foreclosure sale has occurred.  (Id.)

In her Amended Complaint, Plaintiff raises claims for: breach of contract

(Count I), violations of the Fair Debt Collection Practices Act ("FDCPA")

(Count II), violations of the Civil Rights Act and Fair Housing Act ("FHA")

(Count III), and wrongful foreclosure (Count IV).  (See generally, Am. Compl.,

3

Dkt. [4] at 1 of 65.)  Defendants move to dismiss all claims under Federal Rules

of Civil Procedure ("Rules") 8 and 12(b)(6).

## Discussion

### I.        Legal Standard - Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a

"short and plain statement of the claim showing that the pleader is entitled to

relief."  While this pleading standard does not require "detailed factual

allegations," mere labels and conclusions or "a formulaic recitation of the

elements of a cause of action will not do."  Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In

order to withstand a motion to dismiss, "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'"  Id. (quoting Twombly, 550 U.S. at 570).  A complaint is plausible on its

face when the plaintiff pleads factual content necessary for the court to draw the

reasonable inference that the defendant is liable for the conduct alleged.  Id.

"At the motion to dismiss stage, all well-pleaded facts are accepted as

true, and the reasonable inferences therefrom are construed in the light most

favorable to the plaintiff."  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273

4

n.1 (11th Cir. 1999).  However, the same does not apply to legal conclusions set

forth in the complaint.  <u>Sinaltrainal v. Coca-Cola Co.</u>, 578 F.3d 1252, 1260

(11th Cir. 2009) (citing <u>Iqbal</u>, 129 S. Ct. at 1949).  "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not

suffice."  <u>Iqbal</u>, 556 U.S. at 678.  Furthermore, the court does not "accept as

true a legal conclusion couched as a factual allegation."  <u>Twombly</u>, 550 U.S. at

555.

     "The district court generally must convert a motion to dismiss into a

motion for summary judgment if it considers materials outside the complaint."

<u>D.L. Day v. Taylor</u>, 400 F.3d 1272, 1275-76 (11th Cir. 2005); <u>see also</u> Fed. R.

Civ. P. 12(d).  However, documents attached to a complaint are considered part

of the complaint.  Fed. R. Civ. P. 10(c).  Documents "need not be physically

attached to a pleading to be incorporated by reference into it; if the document's

contents are alleged in a complaint and no party questions those contents, [the

court] may consider such a document," provided it is central to the plaintiff's

claim.  <u>D.L. Day</u>, 400 F.3d at 1276.  At the motion to dismiss phase, the Court

may also consider "a document attached to a motion to dismiss . . . if the

attached document is (1) central to the plaintiff's claim and (2) undisputed."  <u>Id.</u>

5

(citing <u>Horsley v. Feldt</u>, 304 F.3d 1125, 1134 (11th Cir. 2002)).  "'Undisputed' means that the authenticity of the document is not challenged." <u>Id.</u>

Additionally, because Plaintiff is acting *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998).  "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." <u>Thomas v. Pentagon Fed. Credit Union</u>, 393 F. App'x 635, 637 (11th Cir. 2010).

## II.   Analysis of Defendants' Motions to Dismiss

### A.   <u>AC Defendants [6]</u>[2]

In her Amended Complaint, Plaintiff states that Mr. Aldridge Jr., as an attorney and principal for his company, "is liable for the actions of his underservants." (Am. Compl., Dkt. [4] at 5.)  As to the firm, Plaintiff alleges that Aldridge Connors may fall under the definition of "debt collector" under 15 U.S.C. § 1692a(f)(6) because Wells Fargo acquired Plaintiff's loan after

---

[2] AC Defendants claim that they were never properly served by Plaintiff.  (AC Def.s' MTD Br., Dkt. [6-1] at 4-5.)  However, they request that the Court consider the merits of their motion to dismiss the Amended Complaint with prejudice.  (AC Def.s' MTD, Dkt. [6] at 2.)

delinquency (i.e., Wells Fargo purchased the loan as "bad debt").  (Id. at 8.)

Further, Plaintiff alleges that the firm "should have known" that Plaintiff's

"rights were being trampled over by their actions;" specifically, that Plaintiff

was subject to unlawful discrimination under the Civil Rights Act and the FHA

because Defendants' actions "were to mask their inherent defects by legally

outwitting the African American homeowners in their game to intimidate the

innocent, [and] display their 'legal supremacy' to invoke fear and confusion."

(Id. at 9.)  Plaintiff does not raise any allegations with respect to AC Defendants

in her claims for breach of contract and wrongful foreclosure.  Therefore, as to

AC Defendants, the Court limits is consideration to Counts II and III (FDCPA,

Civil Rights Act, and FHA violations).

        1.    *FDCPA*

To state a claim under the FDCPA, a plaintiff must show that "(1) [she]

has been the object of collection activity arising from consumer debt, (2) the

defendant is a debt collector as defined by the FDCPA, and (3) the defendant

has engaged in an act or omission prohibited by the FDCPA."  Gass v.

CitiMortgage, Inc., No. 1:11-CV-3713-RWS-JSA, 2012 WL 3201400, at *14

(N.D. Ga. June 25, 2012) (citing Kaplan v. Assetcare, Inc., 88 F. Supp. 2d 1355,

1362 (S.D. Fla. 2000)).  AC Defendants argue that they are not "debt collectors" under the FDCPA and they were not engaged in debt collection activities under the Act.  (AC Def.'s MTD Br., Dkt.[6-1] at 8-12.)  Further, they argue, Plaintiff has not identified any particular alleged violation of the FDCPA committed by AC Defendants.  (Id.)

The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  Plaintiff cites § 1692a(6)(F)(iii), which provides that the term "debt collector" *does not* include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person."

To support her FDCPA claim, Plaintiff references the notice dated October 5, 2011, which was sent by Aldridge Connors as legal representative of Wells Fargo.  (Notice of Pending Foreclosure Sale, Dkt. [4] at 42 of 65.)  AC Defendants maintain that, in that particular letter and all other communications

8

sent by them to Plaintiff, they "were merely a law firm informing Plaintiff of a pending foreclosure sale . . . not 'debt collectors' attempting to collect on a debt."  (AC Def.s' MTD Br., Dkt. [6-1] at 11-12, citing <u>Gillespie v. Chase Home Finance, LLC</u>, No. 3:09-CV-191-TS, 2009 WL 4061428, at *5 (N.D. Ind. Nov. 20, 2009) (finding notice letters were more in the nature of providing information than a debt collection demand where letters did not provide terms of payment or deadlines, threaten further collection proceedings, or demand payment in any form).)  Furthermore, they argue, AC Defendants never "obtained" the loan or any interest in the loan pre- or post-default and therefore, they do not fall under the § 1692a(6)(F)(iii) definition of "debt collector."

The Court agrees that AC Defendants were not acting as "debt collectors" when they sent notices to Plaintiff as Wells Fargo's legal representatives in the foreclosure sale.  Additionally, Plaintiff has not identified any "act or omission prohibited by the FDCPA" allegedly committed by these Defendants. Therefore, Plaintiff has failed to state a claim for FDCPA violations against AC Defendants.

2.    *Civil Rights Act & FHA*

Plaintiff's allegations regarding AC Defendants' Civil Rights Act and

9

FHA violations are far from clear.  (<u>See</u> Am. Compl., Dkt.[4] at 9-10.)  She

appears to allege that AC Defendants discriminated against African American

homeowners, that they slandered Plaintiff's title through a false assignment, and

that they robo-signed the Assignment.  (<u>Id.</u> at 9.)  AC Defendants argue that, to

the extent this Count is based on challenging the validity of the Assignment,

Plaintiff does not have standing to do so and the claim must fail.  (AC Def.s'

MTD Br., Dkt. [6-1] at 13-14.)  The Court agrees with Defendants.

In Georgia, "[a]s a general rule, an action on a contract . . . shall be

brought in the name of the party in whom the legal interest in the contract is

vested, and against the party who made it in person or by agent."  O.C.G.A. § 9-

2-20(a).  Plaintiff was not a party to the Assignment between MERS and Wells

Fargo.  Therefore, Plaintiff may not challenge the Assignment's validity.

Furthermore, with regard to Plaintiff's mention of "robo-signing," this Court

has previously found that "there is no such cause of action [for robo-signing] in

Georgia."  <u>Wilson v. JP Morgan Chase Bank, N.A.</u>, No. 2:11-CV-00135-RWS,

2012 WL 603595, at *4 (N.D. Ga. Feb. 24, 2012) (citing <u>Reynolds v. JPMorgan</u>

<u>Chase Bank N.A.</u>, No. 5:11-CV-311-MTT, 2011 WL 5835925, at *3 (M.D. Ga.

Nov. 21, 2011)).

The Court also notes that Plaintiff's allegations regarding discrimination by AC Defendants in violation of the Civil Rights Act and FHA are entirely unfounded.  She has provided no facts to support these allegations.  Therefore, these claims against AC Defendants are without merit.

In sum, Plaintiff has failed to state a claim for relief against AC Defendants.  Therefore, AC Defendants' Motion to Dismiss is **GRANTED.**

B.      Wells Fargo

1.      *Breach of Contract*

Plaintiff alleges that Wells Fargo breached the terms of the Note and Security Deed when it initiated foreclosure proceedings against the Property. (Am. Compl, Dkt. [4] at 6-7.)  According to Plaintiff, Wells Fargo is not the lender and holds no security interest in the Property, and therefore, it may not conduct a foreclosure action "without seeking permission from the Secretary of HUD." (Id.)  Wells Fargo argues that Plaintiff has not stated a valid breach of contract claim, which, in Georgia, requires a showing of: (1) breach; (2) resulting in damages; (3) to the party who has the right to complain about the contract being broken.  (Wells MTD Br., Dkt. [8-1] at 13-14 (citing Bartholomew v. AGL Resources, Inc., 361 F.3d 1333, 1339 (11th Cir. 2004).)

11

The Court agrees that Plaintiff has not stated a claim for breach of contract against Wells Fargo.

Plaintiff cites Section 9 of the Security Deed for her argument that the Secretary of the Department of Housing and Urban Development ("HUD") must give his express permission before a foreclosure sale may occur. (Am. Compl., Dkt. [4] at 6 n. 3.) However, as Wells Fargo notes, Section 9 addresses grounds for acceleration of debt under the Deed, and limits the Lender's ability to accelerate or foreclose *if* HUD regulations do not permit such actions. (Security Deed, Dkt. [4] at 20-21 of 65, ¶ 9(d).) However, Plaintiff has not identified any HUD regulation that prohibits Wells Fargo, holder of the Security Deed, from accelerating the debt and foreclosing in this case. In fact, the Security Deed explicitly grants MERS and its successors and assigns (i.e., Wells Fargo) the power of sale. (Security Deed, Dkt. [4] at 18 of 65.) Finally, Wells Fargo notes that Plaintiff has failed to allege any damages suffered as a result of any breach by Wells Fargo. (Wells MTD Br., Dkt. [8-1] at 15.) The Court agrees with Wells Fargo and finds that Plaintiff has failed to state a claim for breach of contract against this Defendant.

2.    *FDCPA*

Wells Fargo argues that Plaintiff has failed to state a claim against it for FDCPA violations because foreclosing on a security interest is not a debt collection activity for purposes of the FDCPA.  (Wells MTD Br., Dkt. [8-1] at 8-9, citing Warren v. Countrywide Home Loans, Inc., 342 Fed. App'x 458, 460-61 (11th Cir. 2009) (finding that foreclosing on a home does not qualify as a debt collection activity under § 1692g).)  As Wells Fargo notes, the only conduct by Wells Fargo identified by Plaintiff that could arguably be described as a debt collection activity is the initiation of foreclosure proceedings.  Based on the Eleventh Circuit's decision in Warren,[3] the Court agrees that Plaintiff cannot maintain an FDCPA action against Wells Fargo based solely on this conduct.

---

[3] The Warren court distinguishes between § 1692f(6) of the FDCPA, where enforcers of a security interest may be considered debt collectors under the Act, and the other provisions of the FDCPA. 342 Fed. App'x 458, 460-61.  Plaintiff has not alleged any specific violation of the FDCPA here.  However, § 1692f(6) applies to "taking or threatening to take nonjudicial action to effect dispossession or disablement of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest."  Here, based on the exhibits attached to the Amended Complaint, Wells Fargo does have an enforceable security interest and therefore, this section does not apply.  (See Security Deed, Dkt. [4] at 17 of 65; Assignment, Dkt. [4] at 61 of 65.)

13

3.      *Civil Rights Act & FHA*

Wells Fargo argues that Plaintiff has alleged no facts showing that it engaged in any discriminatory conduct against Plaintiff, or that Wells Fargo intended to discriminate on the basis of race.  Therefore, Wells Fargo asserts, she cannot maintain a claim against it for violation of the Civil Rights Act, 42 U.S.C. § 1981, *et seq*.  (Wells MTD Br., Dkt. [8-1] at 11.)  The Court agrees with Defendant.  Plaintiff has made no showing whatsoever to support a claim for violation of the Civil Rights Act by Wells Fargo.

Further, Wells Fargo argues, Plaintiff has not stated a claim against it for FHA violations.  Plaintiff's only allegation against Wells Fargo with regard to this claim is that Wells "knew of their attorney's action [and] approved of such conduct."  (Am. Compl., Dkt. [4] at 10.)  The Court already found that Plaintiff has not stated a claim against AC Defendants for violation of the FHA.  (See discussion Part II.A.2., supra).  Therefore, Plaintiff's claim against Wells Fargo, which appears to be based on an agency or supervisory theory, necessarily fails.

4.      *Wrongful Foreclosure*

Plaintiff challenges Wells Fargo's authority to conduct foreclosure proceedings on multiple grounds.  (See Am. Compl., Dkt. [4] 10-11.)

14

Specifically, she appears to allege that Wells Fargo is not the entity with the power to foreclose or the power to send notice of foreclosure, and that the Assignment of the Security Deed is not valid.  (Id.)  Wells Fargo argues that Plaintiff has not stated a plausible claim for wrongful foreclosure under Georgia law.  (Wells MTD Br., Dkt. [8-1] at 15-17.)

In Georgia, to state a claim for wrongful foreclosure, Plaintiff must show a legal duty owed to her by the foreclosing party, a breach of that duty, a causal connection between the breach and the injury sustained, and damages.  Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E.2d 842, 844 (Ga. Ct. App. 2004). Defendant argues that Plaintiff has failed to allege any facts to show any of the elements for a wrongful foreclosure claim.  The Court agrees.  Plaintiff has not alleged any duty owed to her by Wells Fargo not to foreclose.  As discussed above, Wells Fargo had the authority to foreclose under the terms of the Security Deed.  Further, Plaintiff has not alleged any facts to show a causal connection between any alleged breach by Wells Fargo and her alleged injuries. Plaintiff does not dispute that she is in default, and yet, no foreclosure sale has occurred.  Therefore, she has not stated a claim for wrongful foreclosure against Wells Fargo.

15

AO 72A
(Rev.8/82)

In sum, Plaintiff has failed to state any claim for relief against Wells Fargo.  Therefore, Wells Fargo's Motion to Dismiss is **GRANTED.**

## III.    Plaintiff's Motion for Temporary Restraining Order

Because Plaintiff has no remaining claims against Defendants, her Motion for Temporary Restraining Order is **DENIED as moot.**[4]

### Conclusion

Based on the foregoing, AC Defendants' Motion to Dismiss [6] is **GRANTED**, Wells Fargo's Motion to Dismiss [8] is **GRANTED**, Plaintiff's Motion for Continuance [14] is **DENIED**, and Plaintiff's Motion for Temporary Restraining Order [17] is **DENIED as moot**.

**SO ORDERED**, this  21st  day of March, 2013.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

---

[4] Furthermore, Plaintiff's motion contains no allegations whatsoever to satisfy basic Rule 8 pleading requirements.  She simply "requests" a temporary restraining order and dismissal of Defendants' motions.

16